# Exhibit D

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF PAUL C. KRAFT AND LINDA E. KRAFT JTWROS AND RANDALL DOBLER FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, Paul Kraft on behalf of Paul C. Kraft and Linda E. Kraft JTWROS, and Randall Dobler, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    We respectfully submit this Joint Declaration in support of the Motion of Paul C. Kraft and Linda E. Kraft JTWROS ("Kraft JTWROS"), and Randall Dobler (together, the "American Midstream Investor Group"), for appointment as Lead Plaintiff and approval of selection of Lead Counsel. We are informed of, and understand the requirements and duties of the lead plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the action. We each have personal knowledge regarding the facts relating to ourselves set forth in this Joint Declaration.

2.    I, Paul Kraft, am authorized to execute this Joint Declaration on behalf of Kraft JTWROS. I am a 64 year old retiree, and reside in Lombard, Illinois. Prior to retirement, I was employed as a Stationary Engineer. I am a sophisticated investor with 41 of investing experience. I invested in Third Coast Midstream, LLC f/k/a American Midstream Partners, LP ("American Midstream" or the "Company") common units based on the Company's quarterly common unit distributions, which I relied upon for retirement income. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, I sold a substantial amount of American Midstream common units at artificially deflated prices, and was damaged thereby. Because of this, I independently researched and decided to retain Labaton Sucharow LLP ("Labaton Sucharow") in order to file the current securities class action on behalf of Kraft JTWROS against

American Midstream, certain officers and directors, and ArcLight Capital Partners, LLC (together, "Defendants").

3.    I, Randall Dobler, am a 63 year old retiree, and reside in Monkton, Maryland. Prior to retirement, I was employed as Director of Operations for the Southampton Public School District of New York, and have also served as a Navy Officer. I am a sophisticated investor with 50 years of investing experience. I hold a Minor in Economics, a Bachelor of Science, Mechanical Engineering, and a Masters of Business Administration, and am a Certified New York State Business Official. I invested in American Midstream common units based on the Company's quarterly common unit distributions, which I relied upon for retirement income. Because of my reliance on American Midstream common units for retirement income, I followed the Company closely at all relevant times. In addition, as set forth in the motion for appointment as Lead Plaintiff and supporting papers, I sold a substantial amount of American Midstream common units at artificially deflated prices, and was damaged thereby. I became aware of the current securities class action against Defendants through the notice issued pursuant to the PSLRA by Labaton Sucharow, and subsequently reached out to retain Labaton Sucharow in the current action.

4.    Based on the foregoing, we in our individual capacity, each determined to seek appointment as Lead Plaintiff in this case. In exploring whether to pursue a leadership position in this case, we determined through our mutual retention of Labaton Sucharow to communicate with each other to explore whether it would be in our, and the Class' best interests to seek appointment as Lead Plaintiff together. Through our discussions, we determined that based on the similar nature of our investments and losses in American Midstream common units, that our interests were squarely aligned, and each independently determined that we could best achieve

2

our shared goals of securing the maximum potential recovery for harmed American Midstream investors, including ourselves, by seeking joint appointment as Lead Plaintiff. Furthermore, we determined that this mutually beneficial partnership would ensure that the Class was represented by highly-qualified counsel.

5.      We, both individually and as members of the American Midstream Investor Group, agree that our shared motivations, experience, and ability to engage in joint decision-making will materially benefit and advance the interests of the Class in this case. Through our discussions, we determined and it became clear that we were like-minded, sophisticated investors that each had a substantial financial stake in the outcome of this litigation.

6.      We understand that the PSLRA and courts throughout the country endorse the appointment of small, cohesive groups of investors to serve as lead plaintiff when they are able to effectively oversee our proposed Lead Counsel in an independent manner. We intend to prosecute this action in such an independent and vigorous manner.

7.      Moreover, we are highly motivated to recover the respective substantial losses of the American Midstream Investor Group and intend to share our perspectives, experiences, and resources to direct this litigation. To this end, we have discussed with each other the importance of joint decision-making, open communication and the ability to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions.

8.      As part of an effort to further formalize our leadership over this action, we participated in a joint conference call on December 5, 2019, to discuss our losses arising from Defendants' misconduct, the claims alleged against Defendants, and jointly prosecuting the case. During this call, we also discussed: the benefits the Class would receive from the leadership two sophisticated investors who both invested in American Midstream in reliance on its quarterly

3

common unit distribution; our desire to maximize the recovery for the Class; our interests in prosecuting the case in a collaborative fashion; the measures we would employ to ensure that we could discuss the prosecution of this matter either with or without counsel; and ensuring that the Class' claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Labaton Sucharow.

9.    In addition to discussing our goals for the litigation, we recognized the importance of selecting qualified counsel to prosecute the litigation, and that it do so in a cost-effective manner.  With respect to our selected counsel, we believe that the Class will benefit from having Labaton Sucharow serve as Lead Counsel.  We are familiar with the experience, resources, and successes of our proposed Lead Counsel, Labaton Sucharow, and are aware that it is an accomplished law firms with a history of achieving significant recoveries in actions it has prosecuted as Lead Counsel.  Further, we believe that Labaton Sucharow, through its investigation to date, which has led to the filing of the complaint by Kraft JTWROS, has already demonstrated its intent and ability to vigorously protect the interests of the Class.  Therefore, through our oversight of our proposed Lead Counsel, we are confident that Labaton Sucharow will prosecute this litigation in a zealous and efficient manner.

10.    During our call, we each agreed that to ensure that the litigation is prosecuted in the best interests of the Class, we will exercise joint decision-making and work together to actively monitor the activities of counsel and to share our collective experience.  We understand the importance of maintaining regular communication and have established procedures for overseeing the progress of the litigation and communicating both separate and apart from counsel and with counsel as needed and when appropriate.  Specifically, we have exchanged the necessary contact information to enable us to confer, with or without counsel, on short notice to

4

ensure that we are able to make timely decisions. Additionally, we have agreed to set up periodic conference calls as often as necessary, with or without counsel, to discuss the status and progress of this litigation and the prospects for any resolution of this matter.

11. Based on communications to date, we do not anticipate that any disagreements between us will arise if appointed as Lead Plaintiff. Further, we have agreed to make all efforts, in good faith, to reach consensus with respect to all litigation decisions. We will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class. In the unlikely event that any such disagreement does arise during the course of the litigation, we each agree that we will rely on our experience and shared fiduciary duty to the Class to reach a consensus through open and reasoned discussion.

12. We hereby reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure that the American Midstream securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I, Paul Kraft, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this _____6_____ day of December, 2019.


_Linda E. Kraft_

Paul Kraft
Paul C. Kraft and Linda E. Kraft JTWROS

Pursuant to 28 U.S.C. § 1746, I, Randall Dobler, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this ___6th___ day of December, 2019.

Randall Dobler

7